11-3134-cv
*Impala v. Astrue*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of September, two thousand and twelve.

PRESENT:

JON O. NEWMAN,
JOSÉ A. CABRANES,
CHESTER J. STRAUB,
            *Circuit Judges.*

---

Zeewe Dakar Impala,

            *Plaintiff-Appellant,*

            v.                                                          No. 11-3134-cv

Michael Astrue, Commissioner of Social Security,

            *Defendant-Appellee.*

---

**FOR PLAINTIFF-APPELLANT:**         HOWARD D. OLINSKY, Syracuse, NY.

**FOR DEFENDANT-APPELLEE:**         BRENDA M. GREEN, Assistant United States
                                                          Attorney (Robert M. Spector, Assistant
                                                          United States Attorney, *of counsel*), *for* David B.
                                                          Fein, United States Attorney, United States
                                                          Attorney's Office for the District of
                                                          Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Zeewe Dakar Impala ("Impala") appeals from the June 15, 2011 judgment of the District Court affirming the decision of the Administrative Law Judge ("ALJ") that Impala was not disabled and was therefore ineligible for supplemental security income ("SSI") benefits pursuant to 42 U.S.C. § 405(g). We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

Under 42 U.S.C. § 405(g), made applicable to SSI cases by 42 U.S.C. § 1383(c)(3), a court may set aside a decision of the Commissioner of Social Security (the "Commissioner") only if it is based on legal error or its factual findings are not supported by substantial evidence in the record. 42 U.S.C. § 405(g); *see also, e.g.*, *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks omitted). On appeal, we conduct a *de novo* review of the administrative record to determine whether there is substantial evidence to support the Commissioner's decision and whether the correct legal standards have been applied. *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010).

Under the Social Security Act, a "disability" is an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether an individual is disabled, the Social Security Administration Commission created a five-step sequential evaluation process. 20 C.F.R. § 404.1520.

In this case, Impala argues that (1) the ALJ failed to properly develop the record, and (2) the ALJ erred at step two of the five-step analysis when he determined that Impala did not have a severe impairment. Substantially for the reasons stated in the June 15, 2011 order of the District Court, we conclude that the ALJ's determination that Impala did not have a severe impairment was made in accordance with the applicable legal standards and is supported by substantial evidence. Accordingly, the District Court's judgment affirming the denial of Impala's application for SSI benefits is affirmed.

2

## CONCLUSION

We have considered all of Impala's other arguments on appeal and conclude that each of them is without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court